Joseph Vaccaro, Esq.
Choi & Associates, P.C.
1001 W. Cheltenham Avenue
Melrose Park, PA 19027

Tel: (215) 782-2200
Fax: (215) 782-1917
e-mail: vaccarochoislaw@hotmail.com

RECEIVED
WALSH, CLERK
2008 JAN 25 P 1:55
UNITED STATES
DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **Luis Hurtado** | : | |
| | : | **Civil Action** |
| **vs.** | : | |
| | : | **07-cv-5124** |
| **Jung Hwa Seo, Eun Mi Seo, *et. al.*** | : | |
| | : | **The Honorable Robert B. Kugler** |
| | : | |

Defendants, Jung Hwa Seo, Eun Mi Seo (h/w), through their attorneys, Joseph Vaccaro, Esq. and the law offices of Choi & Associates, P.C., respectfully answer the Plaintiff's complaint in the following corresponding numbered paragraphs:

**PRELIMINARY STATEMENT**

Answering Defendants deny ever mistreating or abusing the Plaintiff. He is not entitled to any of the relief that he seeks.

**JURISDICTION AND VENUE**

1. Answering Defendants respectfully deny the allegations contained in the corresponding numbered paragraph, as they are conclusions of law to which no response is required. However, should this Honorable Court nonetheless require the Answering Defendants to respond to said allegations, the same are denied and strict proof is demanded in support thereof.

2. Admitted in part, denied in part. Answering Defendants reside at 701 Jacksonville Road, Burlington, NJ 08016.

3. & 4. (inclusive)

Answering Defendants respectfully deny the allegations contained in the corresponding numbered paragraphs, as they are conclusions of law to which no response is required. However, should this Honorable Court nonetheless require the Answering Defendants to respond to said allegations, the same are denied and strict proof is demanded in support thereof.

5. Admitted in part, denied in part. Although the answering Defendants admit that the Plaintiff resided at their rented farmland while he worked for the Defendants, they deny any information regarding Plaintiff's alleged safety concerns or "escape." Rather, Plaintiff unilaterally abandoned his job with the Defendants and they have not heard from him since then.

6. & 7. (inclusive)

Denied as stated. Defendants reside at 701 Jacksonville Road, Burlington, NJ 08016. Furthermore, the Plaintiff began working for the Defendants during early September 2006; and he ceased working for them on September 22, 2006, the date they last saw him.

8. & 9. (inclusive)

The Answering Defendants respectfully aver that there is no need to respond to said allegations as they are directed to a party other than them. By way of further denial, the Answering Defendants have no knowledge or information to form a belief as to the accuracy of these statements.

10. Denied as stated. To the best of Answering Defendants' belief and understanding, Plaintiff arrived at the Defendants' farm on or about September 03, 2006, although they did not meet him until September 06, 2006. Answering Defendants respectfully deny any information or knowledge regarding the Plaintiff's alleged familiarity with the defendants' farm and/or its location, and respectfully demand strict proof in support of the Plaintiff's allegations.

11. Denied as stated. Although the Answering Defendants believe and understand that Plaintiff arrived at their farm on September 03, 2006, they first saw Plaintiff working on September 06, 2006. Answering Defendants respectfully deny any information or knowledge regarding whether Plaintiff allegedly worked at their farm from September 03, 2006 to September 06, 2006, and respectfully demand strict proof in support of the Plaintiff's allegations.

12. Denied. Defendants offered Plaintiff a home to live in that was located near the Defendants' farm that is owned by their friend Park Sang In, a pastor. However, Plaintiff expressed his desire to the Defendants to reside in a mobile home trailer located on the Defendants' farm that had windows, a stove, a bed, a table, and other amenities.

13. After a reasonable investigation, the Defendants are without sufficient knowledge or information to form a belief as where the Plaintiff actually decided to sleep, although they provided Plaintiff with reasonable sleeping quarters. Accordingly, Answering Defendants respectfully demand strict proof in support of the Plaintiff's allegations.

14. Denied as stated. Although the Defendants grew plants in their greenhouses on the premises, they have no information or knowledge to form a belief as

where the Plaintiff actually decided to sleep: they provided Plaintiff with reasonable sleeping quarters and other amenities.

15. & 16. (inclusive)

Denied as the Defendants had no reason to spray or store any chemicals into the Plaintiff's mobile home while he resided there.

17. After a reasonable investigation, Defendants deny any knowledge or information as to what, if anything, the Plaintiff smelled when he slept at night. Defendants respectfully demand strict proof in support of the Plaintiff's allegations.

18. Denied as the Defendants took Plaintiff to the store to purchase water, among other foodstuffs and other items. By further answer, Defendants also provided the Plaintiff with their own water on Plaintiff's request.

19. After a reasonable investigation, Defendants deny any knowledge or information as to whether the Plaintiff had any stomachaches while Plaintiff resided at the Defendants' farm. By way of further denial of the Plaintiff's allegations, the Answering Defendants have no information or knowledge to form a belief as to the cause of the Plaintiff's alleged stomachaches. Therefore Defendants respectfully demand strict proof in support of the Plaintiff's allegations.

20. Denied as stated. Although the mobile home in which Plaintiff resided has no bathroom, the Defendants provided the Plaintiff with a portable toilet that was located just outside the Plaintiff's mobile home.

21. Denied as stated. By way of further answer, the Plaintiff declined the Defendants' offer of the use of a house near the farm.

22. Denied. Defendants took Plaintiff in their small car to a grocery store to purchase food, supplies, and other necessities on an as-needed basis.

23. Denied for the reasons stated in paragraphs 21 and 22 (supra).

24. Denied as stated, as the Plaintiff merely reimbursed the Defendants for the noodles which the Plaintiff liked to eat.

25. Denied as stated. Mrs. Seo provided the Plaintiff with the fuel canisters so that he could cook his meals on Plaintiff's request. However, Plaintiff declined the defendants' offer of the house that had more amenities than the mobile home.

26. Denied insofar as the Defendants did not require Plaintiff to sleep in the greenhouse. Rather, the Plaintiff declined the Defendants' offer of the use of the nearby house and rather advised the Defendants that he wished to sleep in the mobile home on the farm. By way of further denial, Defendants purchased a propane gas stove for cooking meals rather than a propane heater, again at the Plaintiff's request.

27. & 28. (inclusive)

Denied as a conclusion of law to which no response is required. Defendants demand strict proof in support of the Plaintiff's allegations.

29. Admitted.

30. Denied. The work day was approximately eight hours but the Plaintiff was allowed to work more hours per day than eight. Plaintiff also worked six days per week, depending on the weather conditions.

31. Denied. Rather, the Defendants urged Plaintiff to work safely so as not to injure himself or others.

32. – 34. (inclusive) Denied.

35. Denied. Plaintiff's movements were not restricted.

36. Denied as stated. Defendants own eight dogs on the property, the tallest being approximately three feet tall. Defendants kept the dogs on the premises to ward off animals such as deer and rabbits, that would eat the produce that was being grown on the farm. Furthermore, the Defendants would have two dogs performing this service at a time; the other six would be secured in a pen.

37. Denied.

38. Denied as stated. The Defendants' farm had an opening for persons to enter and leave on foot. The gate was locked to keep trespassers from entering the property with their vehicles. By way of further averment, the Plaintiff was free to enter and leave the premises as he wished.

39. Denied.

40. Answering Defendants respectfully deny any knowledge or information so as to the Plaintiff's allegations.

41. Denied as stated. On information and belief, the Plaintiff had no valid driver's license, so Defendants transported the Plaintiff upon his request.

42. Denied. Plaintiff disappeared from the Defendants' farm although the Defendants had and continue to have Plaintiff's earned money available to him.

43. Denied. Plaintiff was free to communicate with anyone he wished.

44. Denied.

45. Denied as stated. Defendants only requested that the salesman make the transaction with the Plaintiff off the farm as the Plaintiff was purchasing liquor from the salesman.

46. Denied. Plaintiff was free to leave at any time. Rather, the Plaintiff left without notice, and the Defendants next heard from the Plaintiff is through the complaint.

47. Denied. Plaintiff was allowed to leave the Defendants' farm at any time. Defendants transported Plaintiff and at times they also called a taxi cab for the Plaintiff.

48. Denied.

49. Denied, as stated more fully in paragraphs 10 & 11, supra.

50. Admitted.

51. Admitted.

52. Denied.

53. Admitted

54. Denied.

55. Denied as stated. Plaintiff disappeared although the Defendants always had and continue to have Plaintiff's money available to him for his pick-up and use.

56. – 82. (inclusive)

Answering Defendants respectfully deny the allegations contained in the corresponding numbered paragraphs, as they are conclusions of law to which no response is required. By way of further averment, the Answering Defendants deny knowledge or information to form a belief as to the accuracy of the Plaintiff's statements. Accordingly, the Answering Defendants to respond to said allegations, the same are denied and strict proof is demanded in support thereof.

83. No response is necessary to the corresponding paragraph.

84. Denied as to there being no employment contract. Plaintiff and Defendants had an at-will arrangement. Defendants provided Plaintiff with the mobile trailer, although the Plaintiff declined the defendants' offer of living at the house nearby.

85. Admitted insofar as the Plaintiff worked for the Defendants.

86. & 87. (inclusive) Denied. By way of further denial, the Plaintiff declined the Defendants' offer to live at a house nearby.

88. & 89. (inclusive) Denied.

90. No response is necessary to the corresponding paragraph.

91. Denied insofar as the Plaintiff did not act in good faith toward the Defendants as the Plaintiff just disappeared from the Defendants' farm without any notice to the Defendants and without any justification.

92. Admitted.

93. Denied.

94. Denied as a conclusion of law to which no response is required. By way of further answer, the defendants have the money that the Plaintiff is rightfully owed and are willing to pay the Plaintiff immediately.

95. Denied as a conclusion of law to which no response is required. By way of further answer, the Plaintiff is not entitled to damages from the Answering Defendants.

96. No response is necessary to the corresponding numbered paragraph.

97. – 100 (inclusive) Denied. Answering Defendants did not threaten the Plaintiff in any way.

101. No response is necessary to the corresponding numbered paragraph.

102. - 110 (inclusive) Denied. Plaintiff was not subjected to any conduct or treatment that would reasonably cause any distress or otherwise endanger the Plaintiff.

111. - 130. (inclusive)

Answering Defendants respectfully deny the allegations contained in the corresponding numbered paragraphs, as they are conclusions of law to which no response is required. By way of further averment, the Answering Defendants deny knowledge or information to form a belief as to the accuracy of the Plaintiff's statements. Accordingly, the Answering Defendants to respond to said allegations, the same are denied and strict proof is demanded in support thereof.

**PRAYER FOR RELIEF**

WHEREFORE, Answering Defendants respectfully demand judgment in their favor, including costs of suit, and for other relief as this Honorable Court deems just and proper as the facts may prove.

Dated: January 24, 2008

By: ____________________

JOSEPH VACCARO, Esq.
Choi & Associates, P.C.
1001 W. Cheltenham Avenue
Melrose Park, PA 19027

Tel: (215) 782-2200
Fax: (215) 782-1917
e-mail: vaccarochoislaw@hotmail.com

Joseph Vaccaro, Esq.
Choi & Associates, P.C.
1001 W. Cheltenham Avenue
Melrose Park, PA 19027

Tel: (215) 782-2200
Fax: (215) 782-1917
e-mail: vaccarochoislaw@hotmail.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **Luis Hurtado** | : | |
| | : | **Civil Action** |
| **vs.** | : | |
| | : | **07-cv-5124** |
| **Jung Hwa Seo, Eun Mi Seo, *et. al.*** | : | |
| | : | **The Honorable Robert B. Kugler** |
| | : | |

**CERTIFICATE OF SERVICE**

It is hereby certified that a true and correct copy of the within Answer to the Plaintiff's complaint was served upon the following by first class mail, postage prepaid on January 25, 2008:

Annie Smith, Esq.
Sarah Hymowitz, Esq.
Legal Services of New Jersey, Inc.
Six South Laurel Street
Bridgeton, NJ 08302

By: ______________________
JOSEPH VACCARO, Esq.