Joseph Vaccaro, Esq.
Choi & Associates, P.C.
1001 W. Cheltenham Avenue
Melrose Park, PA 19027

Tel: (215) 782-2200
Fax: (215) 782-1917
e-mail: vaccarochoislaw@hotmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **Luis Hurtado** | : | |
| | : | **Civil Action** |
| vs. | : | |
| | : | 07-cv-5124 |
| **Jung Hwa Seo, Eun Mi Seo,** *et. al.* | : | |
| | : | The Honorable Robert B. Kugler, USDJ |
| | : | The Honorable Anne Marie Donio, |
| | : | USMJ |

## ANSWER TO FIRST AMENDED COMPLAINT

Defendants, Jung Hwa Seo, Eun Mi Seo (h/w), through their attorneys, Joseph Vaccaro, Esq. and the law offices of Choi & Associates, P.C., respectfully answer the Plaintiff's First Amended Complaint in the following corresponding numbered paragraphs:

### PRELIMINARY STATEMENT

Answering Defendants deny ever mistreating or abusing the Plaintiff. They also deny the Plaintiff's allegations that they forced him to labor on their New Jersey farm during the late summer and early fall of 2006. Rather, during September 2006, the Plaintiff appeared at the Defendants' farm. On information and belief, "Arturo Munoz" is Plaintiff's brother, and was another worker at the Defendants' farm. Furthermore, "Arturo" and Plaintiff begged Defendants to allow Plaintiff to stay and work at the farm.

1

Although the season was ending and Defendants did not need additional hands at the farm, Defendants felt sorry for the Plaintiff and allowed the Plaintiff to work, so that he could earn some money. Plaintiff is not entitled to any of the relief that he seeks.

## JURISDICTION AND VENUE

1. Answering Defendants respectfully deny the allegations contained in the corresponding numbered paragraph, as they are conclusions of law to which no response is required. However, should this Honorable Court nonetheless require the Answering Defendants to respond to said allegations, the same are denied and strict proof is demanded in support thereof.

2. Admitted in part, denied in part. Answering Defendants reside at 701 Jacksonville Road, Burlington, NJ 08016. As for the Plaintiff's address, Answering Defendants have no information to form a belief as to the truth of the Plaintiff's allegations.

3. & 4. (inclusive)

Answering Defendants respectfully deny the allegations contained in the corresponding numbered paragraphs, as they are conclusions of law to which no response is required. However, should this Honorable Court nonetheless require the Answering Defendants to respond to said allegations, the same are denied and strict proof is demanded from the Plaintiff in support thereof.

5. Admitted in part, denied in part. Although answering Defendants admit that the Plaintiff resided at their rented farmland while he worked for the Defendants, they deny any information regarding Plaintiff's alleged safety concerns or "escape." Rather, Answering Defendants respectfully aver that Plaintiff unilaterally abandoned his

job with the Defendants and they have not heard from him since the institution of this suit.

6. & 7. (inclusive)

Denied as stated. The Plaintiff began working for the Defendants during September 2006; and he unilaterally abandoned his job without notice on or about September 22, 2006.

8. Admitted in part, denied in part. Mr. & Mrs. Seo use the name Canada Farm for their operation at Cedar Lane Extension Road, adjacent to the New Jersey Turnpike. They reside at 701 Jacksonville Road, Burlington, NJ 08016.

9. & 10 (inclusive)

The Answering Defendants respectfully aver that there is no need to respond to said allegations as they are directed to a party other than them. By way of further denial, the Answering Defendants have no knowledge or information to form a belief as to the accuracy of these statements.

## FACTUAL ALLEGATIONS

11. Denied as stated. To the best of Answering Defendants' belief and understanding, Plaintiff arrived at the Defendants' farm on or about September 03, 2006, although they did not meet him until September 06, 2006. Answering Defendants respectfully deny any information or knowledge regarding the Plaintiff's alleged familiarity with the defendants' farm and/or his familiarity with its location, and respectfully demand strict proof in support of the Plaintiff's allegations.

12. Denied as stated. Although the Answering Defendants believe and understand that Plaintiff arrived at their farm on September 03, 2006, they first saw

3

Plaintiff working on September 06, 2006. Answering Defendants respectfully deny any information or knowledge regarding whether Plaintiff allegedly worked at their farm from September 03, 2006 to September 06, 2006, and respectfully demand strict proof in support of the Plaintiff's allegations. Nonetheless, the Answering Defendants accepted Plaintiff's assertion that he worked at the farm before they discovered him working there and paid Plaintiff accordingly.

## Living Conditions

13. Denied. Defendants initially offered their workers a home to live in that was located near the Defendants' farm that is owned by their friend Park Sang In, a pastor. However, the workers expressed their desire to the Defendants to reside on the farm. So they lived in a trailer on the Defendants' farm that had windows, a stove, beds, a table, and other amenities. Defendants never forced Plaintiff to live with other workers in a plastic-covered "greenhouse," without ventilation, electricity, plumbing, water, or windows.

14. After a reasonable investigation, the Defendants are without sufficient knowledge or information to form a belief as where the Plaintiff actually decided to sleep, although they provided Plaintiff with reasonable sleeping quarters in the trailer which contained a bed. Accordingly, Answering Defendants respectfully demand strict proof in support of the Plaintiff's allegations.

15. Denied as stated. Although the Defendants grew plants in their greenhouses on the premises, they have no information or knowledge to form a belief as where the Plaintiff actually decided to sleep: they provided Plaintiff with reasonable sleeping quarters such as a trailer with a bed and other amenities. Furthermore, the

Defendants did not grow any plants in the greenhouse to which the Plaintiff is referring at the time when the Plaintiff worked at the Defendants' farm.

16. & 17. (inclusive)

Denied as the Defendants had no reason to spray or store any chemicals into the Plaintiff's mobile home while he resided there, or in the "greenhouse" if the Plaintiff chose to spend some nights there. Furthermore, Plaintiff's allegation is unclear as to what king of "chemicals": is the Plaintiff referring to household chemicals, such as "Comet," "Lysol," "Chlorox" bleach or is the Plaintiff referring to industrial chemicals?

18. After a reasonable investigation, Defendants deny any knowledge or information as to what, if anything, the Plaintiff smelled when he slept at night. Defendants respectfully demand strict proof in support of the Plaintiff's allegations. Answering Defendants also respectfully incorporate their answer in paragraphs 16. & 17., above by reference.

19. Denied as stated. The Defendants took Plaintiff and the other co-workers to the supermarket to purchase water, among other foodstuffs and other items. By further answer, Defendants also provided the Plaintiff with their own water on Plaintiff's request.

20. After a reasonable investigation, Defendants deny any knowledge or information as to whether the Plaintiff had any stomachaches while Plaintiff resided at the Defendants' farm. By way of further denial of the Plaintiff's allegations, the Answering Defendants have no information or knowledge to form a belief as to the cause of the Plaintiff's alleged stomachaches. Therefore Defendants respectfully demand strict proof in support of the Plaintiff's allegations.

21. Denied as stated. Although the mobile home in which Plaintiff resided has no useable bathroom, the Defendants provided the Plaintiff and their workers with a portable toilet that was located just outside the mobile home that Plaintiff used. Accordingly, the Plaintiff had no need to relieve himself in the woods.

22. Denied as stated. By way of further answer, the workers declined the Defendants' offer of the use of a house near the farm.

23. Denied. Defendants took Plaintiff in their small car to a grocery store to purchase food, supplies, and other necessities on an as-needed basis. If the Defendants could not take all their workers to the supermarket at the same time, it was because the automobile could only hold so many people plus the groceries that were purchased.

24. Denied for the reasons stated in paragraphs 22 and 23 (supra). By way of further denial, the entire property had no electricity for the reasons given by the Defendants during their depositions.

25. Denied as stated, as the Plaintiff and his co-workers merely reimbursed the Defendants for the noodles, which they liked to eat. Mr. Seo spent most of his time away from the farm, making deliveries and taking orders from clients.

26. Denied as stated. Mrs. Seo provided the Plaintiff and his co-workers with the fuel canisters so that they could cook meals request. The workers would only reimburse the Defendants for the canisters, just like the noodles. The workers declined the defendants' offer of the pastor's house that had more amenities than the mobile home.

27. Denied insofar as the Defendants did not require Plaintiff or anyone to sleep in the greenhouse. Rather, the workers declined the Defendants' offer of the use of the pastor's house nearby and rather advised the Defendants that they wished to sleep in

the mobile home on the farm.  Furthermore, many of the workers commuted to the farm, as they resided in the Burlington/Mt. Holly area.  By way of further denial, Defendants purchased a propane gas stove for cooking meals rather than a propane heater, again at the workers' request.

28. & 29. (inclusive)

Denied as a conclusion of law to which no response is required.  Defendants demand strict proof in support of the Plaintiff's allegations.

30.    Admitted.

31.    Denied as stated.  The work day was approximately eight hours but the Plaintiff was allowed to work more hours per day than eight.  Plaintiff also worked six days per week, depending on the weather conditions.  Plaintiff and his co-workers were also given many breaks as needed; and the Defendants relied on the Plaintiff's and his co-workers' representations regarding the number of hours they worked for purposes of paying them.

32.    Denied.  Rather, the Defendants urged Plaintiff to work safely so as not to injure himself or others.

33. – 34. (inclusive)   Denied.  Plaintiff and his co-workers took breaks as they needed.

35.    Denied.  Defendants never threatened Plaintiff in any manner.

36.    Denied.  Defendants never restricted the Plaintiff's movements.

37.    Denied as stated.  Defendants own eight dogs on the property, the tallest being approximately three feet tall.  Defendants kept the dogs on the premises to ward off animals such as deer and rabbits which would eat the produce that was being grown on

the farm. Furthermore, the Defendants would have two dogs performing this service at a time; the other six would be secured in a pen. Furthermore, the Defendants never threatened anyone with the dogs. Rather, the co-workers would abuse the dogs, as the Defendants testified in their depositions.

    38.    Denied. Defendants never threatened the Plaintiff.

    39.    Denied as stated. The Defendants' farm had an opening for persons to enter and leave on foot. The gate was locked to keep trespassers from entering the property with their vehicles. By way of further averment, the Plaintiff was free to enter and leave the premises as he wished.

    40.    Denied. Defendants never restricted the Plaintiff's movements. Rather, the Defendants requested that the workers not disturb the neighbors.

    41.    Answering Defendants respectfully deny any knowledge or information so as to the Plaintiff's allegations. Plaintiff is left to his proofs.

    42.    Denied. On information and belief, the Plaintiff had no valid driver's license, so Defendants transported the Plaintiff upon his request.

    43.    Denied. Plaintiff disappeared from the Defendants' farm although the Defendants had Plaintiff's earned money available to him. Furthermore, the Defendants paid the Plaintiff his outstanding money after they learned whom to send it to.

    44.    Denied. Plaintiff was free to communicate with anyone he wished.

    45.    Denied for the reasons already explained.

    46.    Denied as stated. To the best of Defendants' present recollection and understanding, Defendants only requested that the salesman make the transaction with the Plaintiff off the farm as the Plaintiff was purchasing liquor from the salesman.

47. Denied. Plaintiff was free to leave at any time. Rather, the Plaintiff left without notice, and the Defendants next heard from the Plaintiff through the complaint.

48. Denied. Plaintiff is left to his proofs.

49. Denied.

50. Plaintiff is left to his proofs.

51. Admitted.

52. Admitted

53. Denied.

54. Admitted.

55. Denied.

56. Denied as stated. Plaintiff disappeared although the Defendants always had Plaintiff's money available to him for his pick-up and use. Furthermore, the Defendants paid the Plaintiff the money he was owed.

57. – 83. (inclusive)

Answering Defendants respectfully deny the allegations contained in the corresponding numbered paragraphs, as they are conclusions of law to which no response is required. By way of further averment, the Answering Defendants deny knowledge or information to form a belief as to the accuracy of the Plaintiff's statements. Accordingly, the Answering Defendants to respond to said allegations, the same are denied and strict proof is demanded in support thereof.

84. No response is necessary to the corresponding paragraph.

85. Denied as to there being no employment contract. Plaintiff and Defendants had an at-will employment arrangement.

9

86. Admitted insofar as the Plaintiff worked for the Defendants.

87. Denied. Plaintiff is left to his proofs.

88. Denied. Plaintiff is left to his proofs.

89. Denied. Plaintiff is left to his proofs.

90. Denied as a conclusion of law to which no response is required. Plaintiff is left to his proofs.

91. No response is necessary to the corresponding paragraph.

92. Denied insofar as the Plaintiff did not act in good faith toward the Defendants as the Plaintiff just disappeared from the Defendants' farm without any notice to the Defendants and without any justification.

93. Admitted.

94. Denied.

95. Denied as a conclusion of law to which no response is required. By way of further answer, the defendants paid the money that the Plaintiff was rightfully owed.

96. Denied as a conclusion of law to which no response is required. By way of further answer, the Plaintiff is not entitled to damages from the Answering Defendants.

97. No response is necessary to the corresponding numbered paragraph.

98. – 101 (inclusive) Denied. Answering Defendants did not threaten the Plaintiff, act maliciously toward the Plaintiff, or restrict his movement in any way. Therefore, Plaintiff is not entitled to any damages from the Defendants.

102. No response is necessary to the corresponding numbered paragraph.

103. – 107 (inclusive) Denied. Plaintiff was not subjected to any misconduct or mistreatment that would reasonably cause any distress or otherwise endanger the Plaintiff. Therefore, Plaintiff is not entitled to any damages from the Defendants.

108. No response is required for the corresponding numbered allegation.

109. Denied, as stated more fully above.

110. Denied. Plaintiff is left to his proofs.

111. Denied as a conclusion of law to which no response is required. Plaintiff is left to his proofs.

112. No response is required to the corresponding numbered paragraph.

113. - 127. (inclusive)

Answering Defendants respectfully deny the allegations contained in the corresponding numbered paragraphs, as they are conclusions of law to which no response is required. By way of further averment, the Answering Defendants deny knowledge or information to form a belief as to the accuracy of the Plaintiff's statements. Accordingly, the Answering Defendants to respond to said allegations, the same are denied and strict proof is demanded in support thereof.

128. No response is required to the corresponding numbered paragraph.

129. – 131. (inclusive)

Answering Defendants respectfully deny the allegations contained in the corresponding numbered paragraphs, as they are conclusions of law to which no response is required. By way of further averment, the Answering Defendants deny knowledge or information to form a belief as to the accuracy of the Plaintiff's statements. Accordingly,

the Answering Defendants to respond to said allegations, the same are denied and strict proof is demanded in support thereof.

## PRAYER FOR RELIEF

WHEREFORE, Answering Defendants respectfully demand judgment in their favor and against Defendant, including costs of suit, and for other relief as this Honorable Court deems just and proper as the facts may prove.

Dated: December 19, 2008         By: _____
                                      JOSEPH VACCARO, Esq.
                                      Choi & Associates, P.C.
                                      1001 W. Cheltenham Avenue
                                      Melrose Park, PA  19027

                                      Tel:   (215) 782-2200
                                      Fax:   (215) 782-1917
                                      e-mail: vaccarochoislaw@hotmail.com

Joseph Vaccaro, Esq.
Choi & Associates, P.C.
1001 W. Cheltenham Avenue
Melrose Park, PA  19027

Tel:    (215) 782-2200
Fax:    (215) 782-1917
e-mail: vaccarochoislaw@hotmail.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| Luis Hurtado | : | |
| --- | --- | --- |
| | : | **Civil Action** |
| vs. | : | |
| | : | 07-cv-5124 |
| Jung Hwa Seo, Eun Mi Seo, *et. al.* | : | |
| | : | The Honorable Robert B. Kugler, USDJ |
| | : | The Honorable Anne Marie Donio, |
| | : | USMJ |

### CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the within Answer to the Plaintiff's First Amended Complaint was served upon the following by

**FACSIMILE (856) 455 – 0213**

Ms. Annie Smith, Esq.
Ms. Sarah Hymowitz, Esq.
Legal Services of New Jersey, Inc.
Six South Laurel Street
Bridgeton, NJ  08302

**FACSIMILE (973) 597 - 2400**

Ms. Gina M. Sarracino, Esq.
Lowenstein Sandler, P.C.
65 Livingston Avenue
Roseland, NJ  07068

and first class mail, postage prepaid on December 19, 2008.

By: _____
JOSEPH VACCARO, Esq.

13